UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ANDRIS KURINS, individually and as a Shareholder
of, SILVERSEAL CORPORATION,

                    Plaintiff,

      -against-

JOHN SILVERMAN and ALAN SERRINS,

                   Defendants.

----------------------------------------------------------------x

Case No. 08-CIV-6886

ECF Case

# MEMORANDUM IN SUPPORT
# OF DEFENDANTS' MOTION TO DISMISS

Dated: New York, New York
       August 8, 2008

**GARVEY SCHUBERT BARER**
Andrew J. Goodman, Esq. (AG-3406)
A Member of the Firm
*Attorneys for Defendants*
100 Wall Street, 20th Floor
New York, New York 10005
(212) 965-4534

**TABLE OF CONENTS**

*Page*

TABLE OF AUTHORITIES .......................................................................................................... i

INTRODUCTION ..........................................................................................................................1

PROCEDURAL HISTORY.............................................................................................................3

ARGUMENT...................................................................................................................................4

POINT I ...........................................................................................................................................4

THE APPLICABLE PLEADING STANDARDS...........................................................................4

A. Rule 12(b)(6) .........................................................................................................................4

B. FRCP Rule 9(b) Pleading Requirements................................................................................5

POINT II ..........................................................................................................................................6

PLAINTIFF'S RICO CLAIM FAILS AS A MATTER OF LAW .................................................6

A. Plaintiff Fails to Plead the Required Factual Allegations ......................................................8

B. Plaintiff Cannot Plausibly Allege A Pattern of Racketeering Activity.................................10

C. Plaintiff Cannot Plausibly Allege A Claim Under Section 1962 ...........................................12

POINT III.........................................................................................................................................15

THE PENDENT STATE CLAIMS SHOULD ALSO BE DISMISSED .......................................15

A. The State Claims May Be Dismissed Within the Court's Discretion ....................................15

B. The State Counts Also Fail to State a Claim...........................................................................15

POINT IV.........................................................................................................................................17

IN ANY EVENT, SERVICE IS INSUFFICIENT .........................................................................17

CONCLUSION................................................................................................................................18

# TABLE OF AUTHORITIES

*Page*

*Cases*

Abrams v. Donati ...........................................................................................................15, 16
66 N.Y.2d 951, 489 N.E.2d 751 (N.Y., 1985)

Al-Abood v. El-Shamari ...........................................................................................................12
217 F.3d 225 (4th Cir. 2000)

Anisfeld v. Cantor Fitzgerald & Co. ...........................................................................................11
631 F.Supp. 1461 (S.D.N.Y. 1986)

Attorney Gen. of Canada v. R.J. Reynolds Tobacco Holdings, Inc. ...............................................6
268 F.3d 103 (2nd Cir. 2001)

Beck v. Prupis ...........................................................................................................6, 13
529 U.S. 494, 120 S. Ct. 1608, 146 L.Ed.2d 561 (2000)

Bell v. Hubbert ...........................................................................................................6
No. 95 Civ. 10456, 2007 WL 60513 (S.D.N.Y. Jan. 8, 2007)

Bell Atl. Corp. v. Twombly ...........................................................................................................4, 8
127 S. Ct. 1955 (2007)

Beauford v. Helmsley ...........................................................................................................11
865 F.2d 1386 (2nd Cir. 1989), *vacated by* 492 U.S. 914 (1989)
*adhered to* 893 F.2d 1433 (2d Cir. 1989)

Billard v. Rockwell Int'l Corp. ...........................................................................................................5
683 F.2d 51, 57 (2nd Cir. 1982)

Blumenthal v. Allen ...........................................................................................................16
46 Misc.2d 688, 260 N.Y.S.2d 363 (S.Ct. New York Co., 1965)

Bread v. Sachnoff & Weaver Ltd. ...........................................................................................................5
Fed.Sec.L.Rep. (CCH) 91.95.712 (S.D.N.Y. 1991)

Campaniello Imps., Ltd. v. Saporiti Italia S.p.A. ...........................................................................................................9
117 F.3d 655 (2d Cir.1997)

Carruthers v. Jack Waite Mining Co. ...........................................................................................................16
306 N.Y. 136, 116 N.E.2d 286 (1953)

Center Caddillac, Inc. v. Bank Leumi Trust Co. of New York .................................................10
808 F.Supp. 213 (S.D.N.Y. 1992)

Cohen v. Shure.................................................................................................17
153 A.D.2d 35 (2d Dept. 1989)

Conley v. Gibson ...........................................................................................4, 15
355 U.S. 41 (1957)

Corso v. Byron.................................................................................................16
2006 WL 825216, 11 Misc.3d 1072(A) (Suffolk Cty. 2006)

DeFalco v. Bernas.............................................................................................6
244 F.3d 286 (2nd Cir. 2001)

Effron v. Embassy Suites (Puerto Rico), Inc. .................................................................10
223 F.3d 12 (1st Cir. 2000)

Fitzgerald v. Chrysler Corp. ..................................................................................14
116 F.3d 225 (7th Cir. 1997)

Foster v. Cranin................................................................................................17
180 A.D.2d 712, 579 N.Y.S.2d 742 (2d Dept 1992)

GE Investment Private Placement Partners II v. Parker .........................................................11
247 F.3d 543 (4th Cir. 2001)

Gerzof v. Coons ..............................................................................................17
168 A.D.2d 619, 563 N.Y.S.2d 458 (2nd Dept. 1990)

Hall v. King..................................................................................................17
177 Misc.2d 126, 675 N.Y.S.2d 810 (S.Ct., NY Co. 1998)

H. J. Inc. v. Northwestern Bell Tel. Co. ......................................................................11
492 U.S. 229, 109 S. Ct. 2893, 106 L.Ed.2d 195 (1989)

Holmes v. Securities Investor Prot Corp. ......................................................................14
503 U.S. 258, 112 S. Ct. 1311, 117 L.Ed.2d 532 (1992)

Howard v. America Online, Inc. .............................................................................13, 14
208 F.3d 741 (9th Cir. 2000),
cert. denied, 531 U.S. 828, 121 S. Ct. 77, 148 L.Ed.2d 40 (2000)

Hunter v. J. Craig Construction Co. ...........................................................................6
No. 94-2193, 1995 U.S. App. Lexis 6515, at *2 (7th Cir. March 29, 1995)

Iqbal v. Hasty .................................................................................................4
490 F.3d 143 (2nd Cir. 2007)

Lipin Enterprises, Inc. v. Lee ..........................................................................11
803 F.2d 322 (7th Cir. 1986)

Marx v. Akers ...............................................................................................15
88 N.Y.2d 189, 666 N.E.2d 1034 (N.Y., 1996)

Mauriber v. Shearson/American Express, Inc. ...................................................5
546 F.Supp. 391 (S.D.N.Y. 1982)

Medallion Television Enter. v. SelecTV of Cal. ................................................11
833 F.2d 1360 (9th Cir. 1987)

Mills v. Polar Molecular Corp. .........................................................................7
12 F.3d 1170 (2nd Cir. 1993)

Moss v. Morgan Stanley, Inc. .....................................................................5, 6, 7
719 F.2d 5 (2d Cir. 1983)

Moss v. Newman ..............................................................................................5
465 U.S. 1025 (1984)

Neibel v. Trans World Assur. Co. ....................................................................15
108 F.3d 1123 (9th Cir. 1997)

Protter v. Nathan's Famous Sys. .....................................................................13
925 F. Supp. 947 (E.D.N.Y. 1996)

Rotec Indus. v. Mitsubishi Corp. .....................................................................14
163 F. Supp. 2d 1268 (D. Or. 2001)

Roy v. Vayntrub ..........................................................................................15, 16
2007 WL 1218356, 841 N.Y.S.2d 221 (S.Ct., N.Y.Co., 2007)

Schlick v. Penn-Dixie Cement Corp. ..................................................................9
507 F.2d 374 (2d Cir.1974)
cert. denied, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975)

Shemtob v. Shearson, Hammill & Co. .................................................................5
448 F.2d 442 (2nd Cir. 1971)

Segal v. Gordon ................................................................................................9
467 F.2d 602 (2d Cir.1972)

Slutzky v. Aron Estates Corp. .................................................................17
157 Misc.2d 749, 597 N.Y.S.2d 997 (Sup Ct., Rockland Co., 1993)

Sook Hi Lee v. 401-403 57th St. Realty Corp. ..........................................15
306 A.D.2d 108, 759 N.Y.S.2d 873 (1st Dept. 2003)

Sutton Place Restaurant and Bar, Inc. v. Garnett ......................................17
20 Misc.3d 1104(A), Slip Copy, 2008 WL 2468541 (N.Y.Sup. June 11, 2008)

Tobias v. Tobias.......................................................................................16
192 A.D.2d 438 (1st Dept 1993)

Tudor v. Riposanu.....................................................................................16
93 A.D.2d 718, 461 N.Y.S.2d 6 (1st Dept. 1983)

Utz v. Correa.............................................................................................10
631 F.Supp. 592, 596 (S.D.N.Y.1986)

Virginia Bankshares, Inc. v. Sandberg.........................................................9
501 U.S. 1083, 1100, n. 9, 111 S.Ct. 2749, 115 L.Ed.2d 929 (1991)

Zhu v. First Alt. Bank .................................................................................7
No. 05 Civ. 96, 2005 WL 2757536 (S.D.N.Y. Oct. 25, 2005)

*Statutes*

Civil Practice Law and Regulations §308(2) ..............................................17

Federal Rules of Civil Procedure Rule 12(b)(5) ...........................................1

Federal Rules of Civil Procedure Rule 9(b) ..........................................5, 7, 9

Federal Rules of Civil Procedure Rule 12(b)(6)....................................1, 4, 13

New York Business Corporation Law Section 1118 ..................................1, 3

New York Business Corporation Law Section §1104-a....................................3

S.Rep. No. 91-617 (1969) ............................................................................6

18 U.S.C. §1961.........................................................................................1, 8

18 U.S.C. §1961(4) ........................................................................................8

18 U.S.C. §1961(5) .....................................................................................8, 11

18 U.S.C. §1962.................................................................................2, 6, 7, 8, 10, 12

18 U.S.C. §1962(a) ....................................................................................7, 8, 12, 13

18 U.S.C. §1962(b) ..........................................................................................7, 8, 13

18 U.S.C. §1962(c) ..........................................................................................7, 8, 13

18 U.S.C. §1962(d) ..........................................................................................7, 8, 14

28 U.S.C. §1446(d) ...............................................................................................15

## *Publication*

Smith & Reed, Civil RICO, 5.03 (Lexis Publishing 2002) ........................................13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANDRIS KURINS, individually and as a Shareholder
of, SILVERSEAL CORPORATION,

Case No. 08-CIV-6886

                    Plaintiff,

ECF Case

        -against-

JOHN SILVERMAN and ALAN SERRINS,

                    Defendants.
-----------------------------------------------------------------x

## MEMORANDUM IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

Defendants John Silverman, President and majority owner of Silverseal Corporation ("Silverseal"), and Alan Serrins, Silverseal's outside counsel (hereinafter collectively the "Defendants"), submit this memorandum in support of their motion to dismiss the complaint (a) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") for failure to state a claim on which relief can be granted, or (b) pursuant to FRCP Rule 12(b)(5) for insufficient service of process. The complaint alleges four counts in both personal and derivative capacity: the first claiming violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, the second for breach of fiduciary duty against Silverman, the third for fraud and the fourth for breach of fiduciary duty against Serrins.

Arising from a pre-existing litigation in New York State Supreme Court for valuation of Kurins' shares in a buy-out pursuant to Section 1118 of the New York Business Corporation Law ("BCL"), this complaint inappropriately attempts to shoe-horn a standard business dispute into a RICO box. According to the complaint, Silverman's alleged use for personal expenses of

unspecified amounts from a corporate escrow account of which Kurins was fully aware (Complaint, ¶¶15-17)[1] somehow constitutes a RICO violation.[2]  The complaint does not identify which §1962 provision was violated (and cannot, since none of them apply), fails to plausibly allege how there was any fraudulent concealment of an account of which Kurins pleads he was aware and for which he signed a $300,000 check for the first material deposit (Complaint, ¶18), fails to allege actual knowledge of even a single interstate transmission, and fails to describe how the use of a single escrow account constitutes a pattern of racketeering activity.  Accordingly, the RICO claim should be dismissed as a matter of law.

The pendent state claims should also be dismissed.  There are additional independent bases to dismiss these claims: insofar as the claims are asserted derivatively, Silverseal Corporation ("Silverseal") is not named as a defendant; and since these claims seek to recover funds for the corporation they can only be asserted derivatively.  Kurins filed these very same claims personally in the New York action, where they are subject of a motion to dismiss for this very same reason.  That motion is *sub judice,* and a copy of it is annexed as Exhibit D to the Goodman Aff.

In any event, service was defective.  The affidavits of service (Goodman Aff., Exhibit "E") indicate service on each defendant by delivery to a person of suitable age and discretion, but no mailing.

Accordingly, and for the reasons set forth below, the complaint should be dismissed in its entirety.

---

[1] For which Kurins even signed the check for the first material deposit (Complaint, ¶18).

[2] Although not relevant for purposes of this motion, Kurins likewise used corporate funds to pay personal expenses on a fully equalized basis with Silverman, a not uncommon circumstance in closely held corporate entities.

## PROCEDURAL HISTORY

On July 31, 2007, Kurins commenced an arbitration for dissolution of Silversesal pursuant to BCL §1104-a, and for personal damages for the very same breach of fiduciary duty claims alleged in this action.[3] The arbitration Statement of Claim (<u>Goodman Aff.</u>, Exhibit A) did <u>not</u> allege any RICO or derivative claims.  Silverman and Silverseal moved to stay arbitration. Kurins consented to that stay.

On October 29, 2007, Kurins filed a Petition (<u>Goodman Aff.</u>, Exhibit B) in New York State Supreme Court, New York County, again for Silverseal's dissolution under BCL §1104-a, once again joined with claims for personal damages for Silverman's purported fiduciary breaches arising from many of the same payments recited in the complaint in this action.  Once again, the petition did not include any derivative or RICO causes of action.  Silverseal elected to purchase Kurins' shares pursuant to BCL §1118, and moved to sever and stay the corporate dissolution claim pending valuation, and to dismiss the balance of the petition.  That motion remains *sub judice*.[4]

Plaintiff filed the complaint in this action (<u>Goodman Aff.</u>, Exhibit C) on July 11, 2008 in the Supreme Court of the State of New York, County of New York.  The affidavits of service filed in this case (<u>Goodman Aff.</u>, Exhibit E) reflect purported service on a person of suitable age and discretion at each Defendant's respective place of business, but without the required additional mailing.  On August 1, 2008, defendants timely removed the case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1446(d). Defendants have not filed any other responsive pleading in the State or District Court.

---

[3] Except that the arbitration did not name Mr. Serrins.

[4] The parties in the valuation case have also each moved for partial summary judgment to establish the valuation date.  Those motions are also *sub judice*.

Based on essentially the same facts as the arbitration statement of claim and the prior state court petition, with this third bite at the apple, Kurins for the first time alleges derivative and RICO claims, obviously purposed solely for the supposed *in terrorem* effect of RICO allegations.

This motion follows.

## ARGUMENT

### POINT I

### THE APPLICABLE PLEADING STANDARDS

A.    Rule 12(b)(6).

The Supreme Court recently heightened the pleading standard applicable to motions to dismiss under Rule 12(b)(6).  In Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007) the Court disavowed the off-quoted statement in Conley v. Gibson, 355 U.S. 41 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46.  Now to survive a motion to dismiss under Rule 12(b)(6) a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.  Plaintiff must plead more than "labels and conclusions and a formulaic recitation of the elements of a cause of action." *Id.* at 1965.

The Second Circuit has interpreted the Supreme Court's opinion in Twombly as "not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2nd Cir. 2007).

B.    FRCP Rule 9(b) Pleading Requirements.

In addition to meeting the pleading standards of <u>Twombly</u>, plaintiff's fraud allegations must also comply with Rule 9(b).  That rule states in pertinent part:

> In all averments of fraud or mistake, the circumstances constituting
> fraud or mistake shall be stated with particularity.

Rule 9(b) also allows the Court to dismiss plaintiff's conclusory allegations of fraud.  <u>Shemtob v. Shearson, Hammill & Co.</u>, 448 F.2d 442, 444 (2nd Cir. 1971).  The Second Circuit construes Rule 9(b) strictly to protect defendants from "harm to their reputation resulting from ungrounded actions, and to give defendants notice of the precise conduct in issue."  <u>Billard v. Rockwell Int'l Corp.</u>, 683 F.2d 51, 57 (2nd Cir. 1982).  The heightened pleading requirements of Rule 9(b) apply to allegations of mail or wire fraud in civil RICO claims.  <u>Moss v. Morgan Stanley, Inc.</u>, 719 F.2d 5 (2d Cir. 1983) *cert. denied sub nom,* <u>Moss v. Newman</u>, 465 U.S. 1025 (1984).

The Second Circuit requires pleaders of civil RICO claims against multiple defendants to plead the predicate acts with particularity as to each defendant.  <u>Mauriber v. Shearson/American Express, Inc.</u>, 546 F.Supp. 391, 394 (S.D.N.Y. 1982)[5]  And, it requires that alleged acts of fraud by attorneys be pled with particularity.  <u>Bread v. Sachnoff & Weaver Ltd.</u>, Fed.Sec.L.Rep. (CCH) 91.95.712 (S.D.N.Y. 1991).[6]

---

[5] In dismissing a RICO claim for failure to comply with Rule 9(b), the Court stated:  "Plaintiff is under a Rule 9(b) obligation when dealing with more than one defendant to specify which defendant told which lie and under what circumstances".

[6] Rule 9(b) "mandates that a plaintiff meet a higher standard of pleading fraud as it relates to attorneys."

## POINT II

## PLAINTIFF'S RICO CLAIM FAILS AS A MATTER OF LAW

RICO was passed by Congress to combat the infiltration of organized crime into legitimate business. Beck v. Prupis, 529 U.S. 494, 496, 120 S. Ct. 1608, 146 L.Ed.2d 561 (2000). It is a broadly worded statute that "'has as its purpose the elimination of the infiltration of organized crime and racketeering into legitimate organizations operating in interstate commerce.'" Attorney Gen. of Canada v. R.J. Reynolds Tobacco Holdings, Inc., 268 F.3d 103, 107 (2nd Cir. 2001) (quoting S.Rep. No. 91-617, at 76 (1969)). Because the mere assertion of a RICO claim has an almost inevitable stigmatizing effect on those named as defendants, courts strive to flush out frivolous RICO allegations at an early state of the litigation. Bell v. Hubbert, No. 95 Civ. 10456, 2007 WL 60513, at *5 (S.D.N.Y. Jan. 8, 2007) (citations and internal quotation marks omitted). Based on this concern, courts have established civil RICO pleading standards to "weed out garden variety fraud allegations and to prevent RICO from being misused as a tool wherewith a disgruntled party may exact disproportionate vengeance against his partners or associates when their business dealings turn sour." Hunter v. J. Craig Construction Co., No. 94-2193, 1995 U.S. App. Lexis 6515, at *2 (7th Cir. March 29, 1995).

To establish a RICO claim, this plaintiff must show: (1) a violation of one or more subsections of section 1962; (2) an injury to his business or property; and (3) that the injury was caused by the violation of Section 1962. DeFalco v. Bernas, 244 F.3d 286, 305 (2nd Cir. 2001) (citations and internal quotation marks omitted). The Second Circuit holds that to state a claim under RICO, "a plaintiff has two pleading burdens." Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2nd Cir. 1983). First, to satisfy the above elements the complaint must allege that the

defendant has violated "the substantive RICO statute ... commonly known as 'criminal RICO' (Section 1962) and an injury to business or property occurred by reason of a violation of the criminal RICO statute. *See* Moss, 719 F.2d at 17. *Id.* Then, in order to meet his initial burden, a plaintiff must further plead "the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *See, id.* Allegations in support of predicate acts sounding in fraud, such as mail or wire fraud, must also satisfy the rigors of Rule 9(b). *See,* Mills v. Polar Molecular Corp., 12 F.3d 1170, 1176 (2nd Cir. 1993); Zhu v. First Alt. Bank, No. 05 Civ. 96, 2005 WL 2757536, at *3 (S.D.N.Y. Oct. 25, 2005).

18 U.S.C. §1962 prohibits four types of activity. Subsection (a) prohibits those who have received income through a pattern of racketeering activity from investing that income or its proceeds in the establishment or operation of an enterprise engaged in interstate or foreign commerce. 18 U.S.C. §1962(a). Subsection (b) prohibits using a pattern of racketeering activity to acquire or maintain an enterprise engaged in interstate or foreign commerce. 18 U.S.C. §1962(b). In subsection (c), Congress prohibited a person employed by or associated with an enterprise engaged in interstate or foreign commerce from controlling the enterprise through a pattern or racketeering activity. 18 U.S.C. §1962(c). And subsection (d) prohibits conspiracies to violate subsections (a), (b), or (c). 18 U.S.C. §1962(d).

A.    Plaintiff Fails to Plead the Required Factual Allegations.

Even a cursory reading of the Complaint reveals that plaintiff has failed to satisfy these pleading requisites and has attempted to turn a garden variety business dispute into a RICO violation. Such attempts to force a square peg into a round hole have been consistently rejected in this District and should be rejected here as well.

Plaintiff's complaint does not allege that either defendant violated subsection (a), (b), (c) or (d) of Section 1962. Rather, 18 U.S.C. §1961, the only portion of RICO cited in the complaint, merely contains the definitions applicable to the Act. Plaintiff pleads only that certain acts or omissions fit a definition found in 18 U.S.C. § 1961. For example, plaintiff claims that Silverseal is an enterprise as defined by 18 U.S.C. § 1961(4). Complaint, ¶56. He claims that various mailings constitute mail fraud under 18 U.S.C. § 1341. Complaint, ¶58. And, plaintiff states that defendants have engaged in a pattern of racketeering as defined by 18 U.S.C. §1961(5). Complaint, ¶59. Yet nowhere does plaintiff allege that either defendant violated any subsection of §1962. This flaw of itself is fatal to plaintiff's RICO claim and it should be dismissed for this reason alone. *See also* Point II(C), *infra*.

At its heart, plaintiff's complaint alleges a breach of fiduciary duty through Mr. Silverman's establishment of a supposedly "secret" escrow account at defendant Serrins law firm that allegedly was used to pay Silverman's personal expenses using corporate funds. Kurins, however, concedes that he knew about the account (Complaint, ¶¶15-17), and even that he signed the check for the first material deposit into the account (Complaint, ¶18). The complaint is bereft, as it must be, of allegations that Kurins ever requested to see, or was denied access to, the escrow account records. Under Bell Atl. v. Twombly, *supra*, how can the contrary allegations that the account was "secret" be plausible?

Additionally, plaintiff relies on supposition and speculation to make even this implausible claim. For example, each allegation of mail fraud is based on "information and belief" rather than specific factual allegations.[7] Pleadings made under Rule 9(b) cannot allege fraud based upon information and belief unless the facts are "peculiarly within the opposing party's knowledge." Schlick v. Penn-Dixie Cement Corp., 507 F.2d 374, 379 (2d Cir.1974), cert. denied, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975) overruled on other grounds, Virginia Bankshares, Inc. v. Sandberg, 501 U.S. 1083, 1100, n. 9, 111 S.Ct. 2749, 115 L.Ed.2d 929 (1991); accord Campaniello Imps., Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 664 (2d Cir.1997); Segal v. Gordon, 467 F.2d 602, 608 (2d Cir.1972). This is impossible here, since plaintiff's representatives have twice inspected all the escrow account records. In any event, the pleader must nonetheless allege facts upon which the belief is founded. Campaniello Imps., 117 F.3d at 664; In re Pfizer, Inc. Securities Litigation, 538 F.Supp.2d 621 (S.D.N.Y. 2008) ("Where an allegation regarding a misstatement or omission is made on information and belief, "the complaint shall state with particularity all facts on which that belief is formed."). This is not plead here either.

Moreover, plaintiff fails to state how any of the acts of which he complains were wrongful. For example, plaintiff alleges that various law firm invoices were paid out of the escrow account that were charges for personal legal services rendered to Silverman and not a proper Silverseal particular charge. Complaint, ¶¶17, 20, 28, and 35. Yet plaintiff does not detail the specific attorney's work or explain how the work was for Silverman's personal benefit, rather than Silverseal's.

---

[7] See Complaint paragraphs 10, 11, 12, 13, 14, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 34, 35, 36, 38, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 and 52.

Similar deficiencies exist in other parts of the Complaint. While plaintiff claims that Mr. Silverman misled him as to the need to create a so-called "rainy day" fund, he does not allege that attorney Serrins was aware of the alleged deception. Complaint, ¶15-16. Plaintiff admits he knew of and approved for the creation of the escrow account. Complaint, ¶16. And, he does not explain how defendants' acts or omissions caused him, as opposed to Silverseal, injury.

Plaintiff claims that Mr. Serrins intent to aid in the alleged fraud can be established by the fact he paid an attorney's invoice from his "firm's account and then repaid his firm from the escrow account". Complaint, ¶ 27. Yet, this allegation is also based on "information and belief", not facts. *Id.* Nor are there any allegations that Mr. Serrins used the means or instrumentalities of interstate commerce to do so. Moreover, the use of the wires that are alleged, even albeit on information and belief, are totally <u>intra</u>-state, and therefore cannot be predicate acts of wire fraud. <u>Center Cadillac, Inc. v. Bank Leumi Trust Co. of New York</u>, 808 F.Supp. 213, 227 (S.D.N.Y.1992); <u>Utz v. Correa</u>, 631 F.Supp. 592, 596 (S.D.N.Y.1986).

There is absolutely no excuse at this point for Kurins not to provide such required pleading detail. There has been full and complete document discovery in the State Court valuation proceeding. In fact, Kurins' representatives <u>twice</u> reviewed all records regarding the supposedly "secret" escrow. There is absolutely no reason Kurins could not have done so at any time after the escrow was established with his admitted knowledge, consent and participation.

B.    <u>Plaintiff Cannot Plausibly Allege A Pattern of Racketeering Activity.</u>

RICO creates civil liability for persons who engage in a "pattern of racketeering activity." 18 U.S.C. § 1962. Plaintiff attempts to label claimed breaches of fiduciary duty as "mail fraud." Yet the courts have repeatedly refused to characterize a single scheme promulgated for the purpose of defrauding a single victim a pattern of racketeering activity. <u>Effron v. Embassy</u>

Suites (Puerto Rico), Inc., 223 F.3d 12, 16 (1st Cir. 2000).

A pattern of racketeering requires at least two predicate acts. 18 U.S.C. §1961(5). However, a RICO plaintiff must also show that the predicate acts are related and that they constitute or pose a threat of continuing criminal activity. H. J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 237-39, 109 S. Ct. 2893, 106 L.Ed.2d 195 (1989) (holding that "continuity plus relationship" combine to produce a pattern). The Second Circuit once held that a pattern could be established without a proof of multiple schemes, episodes or transactions, as long as there was proof of more than two predicate acts. That opinion was later vacated by the Supreme Court. Beauford v. Helmsley, 865 F.2d 1386 (2nd Cir. 1989), vacated by 492 U.S. 914 (1989) adhered to 893 F.2d 1433 (2d Cir. 1989). Other circuits have held that two or more uses of the mails perpetrated in the course of a single scheme did not constitute a pattern of racketeering activity. GE Investment Private Placement Partners II v. Parker, 247 F.3d 543 (4th Cir. 2001) (numerous uses of the mails and wires in furtherance of a single scheme did not satisfy the pattern requirement); Lipin Enterprises, Inc. v. Lee, 803 F.2d 322, 324 (7th Cir. 1986) (several acts of mail and wire fraud committed in furtherance of a single fraudulent scheme with only one injury and victim did not satisfy the pattern requirement). And a similar conclusion was reached in Anisfeld v. Cantor Fitzgerald & Co., 631 F.Supp. 1461, 1467 (S.D.N.Y. 1986) where the court stated "a pattern requires 'repeated criminal activity, not merely repeated acts to carry out the same criminal activity.'"

In Medallion Television Enter. v. SelecTV of Cal., 833 F.2d 1360, 1365 (9th Cir. 1987), the Ninth Circuit affirmed summary judgment in favor of the defendant, a broadcaster who was alleged to have utilized mail and wire fraud to induce the plaintiffs to enter into a joint venture to acquire rights to, and to broadcast, a prize fight. The Court held that this single business

relationship did not constitute a "pattern of racketeering activity" under RICO even though numerous instances of mail and wire fraud were involved. *Id.* at 1363-1365. The Court explained: "we are confronted here with a single, isolated, allegedly fraudulent inducement of Medallion to enter the joint venture to exploit the rights to telecast the fight . . . . If the fraud alleged here constitutes a pattern of racketeering activity, rare would be the fraud that could not be pleaded as a RICO case." *Id.* at 1365.

In Al-Abood v. El-Shamari, 217 F.3d 225 (4th Cir. 2000), the Fourth Circuit affirmed a grant of judgment as a matter of law in favor of the defendant on the plaintiff's RICO claims. The dispute concerned three alleged schemes involving real estate, a charitable trust and a brokerage account. *Id.* at 230-231. Yet, the Court held: "The main predicate acts here were mail and wire fraud, and although they were related and involved three discrete schemes spanning several years, there was only one victim of the fraud." *Id.* at 238.

Here, plaintiff alleges a single scheme (use of an allegedly secret escrow account to pay Silverman's personal expenses using Silverseal's funds), a single victim (Silverseal), a single injury (loss of Silverseal's funds), carried out through a series of alleged mailings of checks and invoices. These allegations fail as a matter of law to constitute a pattern of racketeering activity.

C.    Plaintiff Cannot Plausibly Allege A Claim Under Section 1962.

Given what he does plead, under no circumstances could Plaintiff plausibly allege a claim predicated on any subsection of 18 U.S.C. §1962 whatsoever, whether it be subsection (a), (b), (c) or (d).

Subsection (a) prohibits investing the profits from a pattern of racketeering in an enterprise. 18 U.S.C. §1962(a). Plaintiff does not, and cannot, allege that Mr. Silverman or Mr.

Serrins invested the profits of a pattern of racketeering activity in Silverseal. For this reason, any claim under 18 U.S.C. § 1962(a) must fail.

Section 1962(b) prohibits the use of racketeering activity to "acquire or maintain" any interest in an enterprise. This RICO subsection is rarely utilized. Smith & Reed, Civil RICO, 5.03 (Lexis Publishing 2002). There is, and can be, no claim in the Complaint that any allegedly wrongful conduct enabled the RICO "persons" (Silverman and Serrins) to "acquire or maintain" any interest in the alleged "enterprise." *See,* Protter v. Nathan's Famous Sys., 925 F. Supp. 947, 955 (E.D.N.Y. 1996) (claim under 1962(b) dismissed on a Rule 12(b)(6) motion where the complaint failed to "specify the connection between defendants' racketeering activity and their interest in the enterprise"). Further, no such allegation would be plausible in this case. The dealings between the individual defendants and Silverseal had nothing to do with "acquiring or maintaining" an interest in any entity. Accordingly, a claim under 1962(b) must fail, if made, as a matter of law.

A violation under Subsection 1962(c) requires proof of (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. Howard v. America Online, Inc., 208 F.3d 741, 746 (9th Cir. 2000), *cert. denied,* 531 U.S. 828, 121 S. Ct. 77, 148 L.Ed.2d 40 (2000). This claim, if made, also fails as a matter of law. As set forth above, there is no pattern here. Further, even assuming the truth of the allegations of the complaint solely for purposes of this motion, there is no racketeering activity at all.

The United States Supreme Court decision, Beck v. Prupis, 529 U.S. 494, 120 S. Ct. 1608, 146 L.Ed.2d 561 (2000) supports this position. In that case, the former president of a corporation complained that its senior officers and directors had terminated his employment in furtherance of a RICO conspiracy. The plaintiff alleged that his termination was in retaliation

for his notifying regulators of the defendants' fraudulent schemes. The Supreme Court held that the president's termination, allegedly in furtherance of a RICO conspiracy, was not independently wrongful under any substantive provision of RICO and thus did not give rise to a cause of action under RICO. *Id.* at 507.

By parallel reasoning, plaintiff complains that Mr. Silverman used corporate funds for personal benefit and that Mr. Serrins assisted him. But the only overt act which he alleges is the mailing of checks, a common and lawful business transaction. This lawful business transaction does not constitute the kind of overt act required to establish RICO liability. Fitzgerald v. Chrysler Corp., 116 F.3d 225, 226 (7th Cir. 1997) ("read literally, RICO would encompass every fraud case against a corporation, provided that only a pattern of fraud and some use of the mails or of telecommunications to further the fraud were shown").

Here then, there is no overt criminal act whatsoever, let alone a pattern.[8]

Any claim under subsection (d) must also fail. "To establish a violation of section 1962(d) [conspiracy], plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." Howard v. America Online, Inc., 208 F.3d 741, 751. No such agreement has been alleged. Moreover, since there is no plausible RICO claim for the reasons noted above, the conspiracy claim fails. Rotec Indus. v. Mitsubishi Corp., 163 F. Supp. 2d 1268, 1280 (D. Or.

---

[8] Moreover, as to plaintiff's claims for damages personally, there is no causation. While the complaint (without foundation) attacks the ethics of the defendants, there is no allegation tying the alleged breach of duty to alleged economic injury to plaintiff. In legal terms, plaintiff has failed to allege any causal relationship between any act committed by the defendants and any injury which he may have sustained. Plaintiff does not claim he would have received the funds allegedly used to pay Silverman's personal expenses. In fact, plaintiff admits that any injury was to the business or property of Silverseal, and not him personally. See, Complaint ¶ 61. Accordingly, the requisite causality is not present here as to any claim in plaintiff's personal capacity. *See,* Holmes v. Securities Investor Prot Corp., 503 U.S. 258, 268-269, 112 S. Ct. 1311, 117 L.Ed.2d 532 (1992) (RICO plaintiff needs to establish both "but for" and proximate causation).

2001); Neibel v. Trans World Assur. Co., 108 F.3d 1123, 1127 (9th Cir. 1997) ("if the section 1962(c) claim does not state an action upon which relief could ever be granted . . . then the section 1962(d) claim cannot be entertained").

### POINT III

### THE PENDENT STATE CLAIMS SHOULD ALSO BE DISMISSED

A.    The State Claims May Be Dismissed Within the Court's Discretion.

When the federal claims are dismissed at an early stage, the Court will generally exercise its discretion to dismiss the pendant state claims without prejudice. *See* Conley v. Gibson, *supra*. This leaves Kurins with the remedy which he should have utilized originally: an application to amend the state court pleading in the valuation case.

B.    The State Counts Also Fail to State a Claim.

The sole relief for which plaintiff prays is for return of corporate funds. Accordingly, the "gravamen of the complaint is injury to the corporation", not Kurins personally, and thus any suit based on Kurins' claims must be brought in a derivative capacity. Roy v. Vayntrub, 2007 WL 1218356, *3, 841 N.Y.S.2d 221 (S.Ct., N.Y.Co., 2007). "Claims against corporate directors or others in control of the corporation for mismanagement, [and] waste of corporate assets [...] are clearly derivative in nature." Roy, 2007 WL 1218356, at *3. New York Courts have expressly found that claims for corporate waste or mismanagement can only be brought by way of a shareholder derivative action under the BCL. Abrams v. Donati, 66 N.Y.2d 951, 953, 489 N.E.2d 751, 754 (N.Y., 1985) ("Allegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually"); Marx v. Akers, 88 N.Y.2d 189, 193, 666 N.E.2d 1034, 1037 (N.Y., 1996); Sook Hi Lee v. 401-403 57th St. Realty Corp., 306

A.D.2d 108, 109, 759 N.Y.S.2d 873 (1st Dept. 2003); Corso v. Byron, 2006 WL 825216, *5, 11 Misc.3d 1072(A) (Suffolk Cty. 2006) (When it comes to claims of corporate waste, "New York does not favor direct litigation on behalf of the shareholder as an individual.").

Thus, a complaint making allegations "which confuse a shareholder's derivative and individual rights will, therefore, be dismissed." Abrams, 66 N.Y.2d at 953; Roy, 2007 WL 1218356, at *3. This is the case here insofar as each of the state common law claims purport to sound in a personal right of plaintiff.[9]

But this pleading fails even to the extent it is alleged derivatively because Silverseal is not a named defendant. The corporation is a necessary and indispensable party in a derivative proceeding. Carruthers v. Jack Waite Mining Co., 306 N.Y. 136, 116 N.E.2d 286, 288 (1953). The corporation on whose behalf the derivative plaintiff sues "is ordinarily an indispensable party in a derivative suit" and "should be joined as a defendant." Tobias v. Tobias, 192 A.D.2d 438, 440 (1st Dept 1993); see also Tudor v. Riposanu, 93 A.D.2d 718, 461 N.Y.S.2d 6 (1st Dept. 1983) (finding that where no corporation was in existence, derivative cause of action could not be asserted). Where the corporation is not named as a defendant, the complaint may be dismissed. Blumenthal v. Allen, 46 Misc.2d 688, 260 N.Y.S.2d 363 (S.Ct. New York Co., 1965).

Dismissal of these claims on the merits does not leave plaintiff without remedies, because these claims can (and should be) litigated in the state court valuation proceeding. The very types of misconduct Kurins (inaccurately) alleges become questions in fixing the fair value of his shares. Whether any misconduct, "if proven, adversely impacted upon the 'fair value' of the corporation" is a question for "consideration and determination in accordance with accepted

---

[9] In any event, to the extent claims two through four seek personal redress, they are duplicative of causes of action already alleged in the pending state court petition. Goodman Aff., Exhibit B.

valuation methodologies." <u>Gerzof v. Coons</u>, 168 A.D.2d 619, 621, 563 N.Y.S.2d 458, 459 (2[nd]

Dept. 1990).  *See also* <u>Hall v. King</u>, 177 Misc.2d 126, 675 N.Y.S.2d 810 (S.Ct., NY Co.

1998)("The Order of Reference included the issues of necessary and appropriate adjustments and

surcharges.").

**POINT IV**

**IN ANY EVENT, SERVICE IS INSUFFICIENT**

CPLR 308(2), which "is to be strictly construed" (<u>Foster v. Cranin</u>, 180 A.D.2d 712, 712-

713, 579 N.Y.S.2d 742 (2d Dept 1992)), provides that personal service of a summons and

complaint may be effected on an individual by delivering the summons "to a person of suitable

age and discretion at the actual place of business, dwelling place or usual place of abode of the

person to be served" and mailing the summons to that person by first class mail.

Where, as here, no mailing is mentioned in the affidavit of service, the affidavit is

patently flawed since on its face it cannot evidence proper service pursuant to CPLR 308(2).

<u>Sutton Place Restaurant and Bar, Inc. v. Garnett</u>, 20 Misc.3d 1104(A), Slip Copy, 2008 WL

2468541 at *3 (N.Y.Sup. June 11, 2008).  Similarly, the server's affidavit is flawed if there is no

indication as to whether the copy mailed was sent by first class mail or otherwise. <u>Id.</u>; <u>Slutzky v.

Aron Estates Corp.</u>, 157 Misc.2d 749, 753-754, 597 N.Y.S.2d 997 (Sup Ct., Rockland Co.,

1993), <u>Cohen v. Shure</u>, 153 A.D.2d 35, 37-38, 548 N.Y.S.2d 696 (2d Dept. 1989).

## CONCLUSION

For these reasons, defendants John Silverman and Alan Serrins respectfully request that their motion be granted in its entirety, that plaintiff's complaint be dismissed, for the costs and disbursements of this action, and for such other, further and different relief as the Court deems just and proper.

Dated:  New York, New York
         August 8, 2008

                              GARVEY SCHUBERT BARER


                              By: _____
                                    Andrew J. Goodman, Esq. (AG-3406)
                                    A Member of the Firm
                                    *Attorneys for Defendants*
                                    100 Wall Street, 20th Floor
                                    New York, New York  10005
                                    (212) 965-4534